**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RYSHEID MALIK EL, *ex. rel*, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:24-cv-130 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| CORRECTIONS OFFICER | ) | |
| CHAD BLACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**[1]

Pending before the Court is Defendant Chad Black's Motion to Dismiss (ECF No. 14) and Plaintiff Rysheid Malik El's Motion for Leave to Amend Complaint. (ECF No. 20.)

## I. Factual Background

Plaintiff is proceeding pro se in this civil rights action. His claims relate to an incident that occurred on March 3, 2022, while he was a pretrial detainee at the Westmoreland County Prison ("WCP").[2] Defendant was a corrections officer at WCP during the relevant time period.

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts claims under the Eighth and Fourteenth Amendments to the United States Constitution. (ECF No. 5 at 3.) Plaintiff alleges that Defendant "maliciously attack[ed]" Plaintiff while Plaintiff was holding a bowl of "sc[a]lding" hot water, causing the water to spill on Plaintiff's foot and stomach area. (*Id.* at 6.) Plaintiff received a disciplinary infraction related to his inability to move after the incident. (*Id.*) Plaintiff sought

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. (ECF 5, 16, 31.) Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

[2] El is no longer incarcerated.

medical attention after the incident and claims to suffer from insomnia, mood swings, and PTSD as a result of Defendant's use of force. (*Id.* at 7.)

After service of the Complaint, Defendant moved to dismiss and filed a supporting Brief. (ECF Nos. 14 and 15.) Plaintiff filed a Response in opposition to the Motion to Dismiss (ECF No. 19) as well as the pending Motion for Leave to Amend Complaint. (ECF No. 20.)

## II. Standard of Review

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11. Further, in considering a motion to dismiss, the court generally considers only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that support a claim when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citations omitted).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Court is not limited to the arguments presented in the motion to dismiss but may sua sponte consider the adequacy of a complaint under the screening provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"). *See*, *e.g.*, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.11 (3d Cir. 2022) (explaining that the PLRA's screening provisions at 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c) are "applicable throughout the entire litigation process.") (internal quotation and citation omitted); *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008) (the court may sua sponte rest its dismissal upon a ground not raised in a motion to dismiss under the screening provisions of the PLRA).

Finally, "[a] document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks

omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Additionally, the Court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). That said, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

## III. Discussion

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not itself create any substantive rights; it simply provides a cause of action that allows the plaintiff to vindicate rights that have already been secured. *See, e.g.*, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

### A. State Action Doctrine

In his motion, Defendant argues that Plaintiff has failed to plead that Defendant's conduct is attributable to the State both because he has failed to identify what rights were allegedly violated and has failed to allege that Defendant is a state actor.

As it relates to the first issue, Defendant claims that while Plaintiff sets forth a "bald allegation that his Eighth and Fourteenth Amendment rights were violated," Plaintiff's other allegations and the documents he has attached belie any such violation. (*Id.*) At this stage of the litigation, however, based on the factual allegations that Defendant maliciously attacked him while

he was holding a bowl of scalding water, Plaintiff's assertion that his constitutional rights were violated is sufficient.[3]

Defendant also asserts that Plaintiff has failed to satisfy the state-action doctrine. (*Id.* at 4-6.) According to Defendant, because Plaintiff has sued him in his personal capacity, he has failed to plead how Defendant could be a state actor.[4] (*Id.* at 6.) This argument fails. Although Plaintiff asserts in his Complaint that Defendant is sued in his individual capacity "and not as [an] agent[] of the State of Pennsylvania or the United States," (ECF No. 5 at 7), he identifies Defendant as a corrections officer and his allegations relate to actions taken by Defendant while performing his duties as a correctional officer. Thus, liberally construing the allegations of the Complaint as is required, they do, in fact, support a claim that Defendant was acting under color of state law, a necessary element to asserting a Section 1983 claim.

In an apparent attempt to cure this deficiency, Plaintiff seeks to file an amended complaint in which he makes clear that Defendant is sued in both his official and individual capacities. (ECF No. 20-1.) Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55

---

[3] In his proposed Amended Complaint, Plaintiff asserts his claim solely under the Fourteenth Amendment, eliminating any reference to the Eighth Amendment. (ECF No. 20-1.) As will be set forth below, his claim is properly brought only under the Fourteenth Amendment as he was a pretrial detainee at the time of the events at issue.

[4] The Court notes that in caption of his Complaint, Plaintiff named as Defendant "C/O CHAD BLACK Individual + Official Capacity" (ECF No. 5 at 1) and later in the Complaint, states that he is suing Defendant in his individual capacity. (ECF No. 5 at 6.) He also alleges that Defendant acted under the "color of law." *Id.*

(1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity[,]" which in this case is Westmoreland County. *Id.* at 166.

A government entity such as Westmoreland County is a "person" for purposes of § 1983 and can be liable only for its own misconduct. *Monell*, 436 U.S. at 692, 694. To establish a plausible claim of § 1983 liability against a municipality such as Westmoreland County, Plaintiff must allege that a municipal "policy or custom" is the "moving force" of the constitutional violation at issue. *Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). *See also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the government entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law.")

Here, the Complaint does not bring a claim against a government entity or otherwise allege facts to support a claim that the alleged civil rights violations at issue result from a municipal policy or custom. Thus, Defendant cannot be sued in his official capacity.

For these reasons, Defendant's motion to dismiss on this basis will be denied, and Plaintiff's request to amend his complaint will be denied as both unnecessary and inappropriate. To be clear, the § 1983 claim against Defendant is limited to a claim in his individual capacity only.

B. Failure to State a Claim

Plaintiff has brought claims under both the Eighth and Fourteenth Amendments. Defendants assert that Plaintiff's claims are no more than a legal conclusion that his civil rights were violated and therefore, fail to state a claim on which relief can be granted.

Plaintiff was a pretrial detainee during the relevant time. (ECF No. 19 at 1-2.) The Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable to pretrial

detainees, who are instead protected by the Due Process Clause of the Fourteenth Amendment, which protects a pretrial detainee against "punishment." *See, e.g.*, *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 193-94 (the Eighth Amendment's cruel and unusual punishment standards, which requires the plaintiff to show not only that force was excessive, but also that the force was applied maliciously and sadistically, does not apply to pretrial detainees) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). That is, "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" *Id.* at 194 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015), which quoted *Graham v. Connor*, 490 U.S. 386, 398 n.11 (1989)).

Thus, as an initial matter, because Plaintiff was a pretrial detainee on March 3, 2022, his excessive force claim arises under the Fourteenth Amendment. Whether the force used was reasonable under the Fourteenth Amendment depends on the facts of the case, including "[1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting." *Id.* (quoting *Kingsley*, 576 U.S. at 397). These circumstances are analyzed "from the perspective of a reasonable officer on the scene.'" *Id.* (quoting *Kingsley*, 576 U.S. at 397.)

Defendant argues that Plaintiff's excessive force claim should be dismissed because he "has not provided any evidence that he was treated by medical personnel" after the incident, because he has not offered medical records evidencing a physical injury or any witnesses to the event, and because he has offered "no medical evidence" to support his allegation that he has been unable to find meaningful work as a skilled carpenter. (ECF No. 15 at 7.)

However, Plaintiff alleges that Defendant maliciously attacked him, causing scalding water to spill on his foot and stomach, and that he sought medical attention as a result. For purposes of a motion to dismiss, these allegations must be accepted as true, and Plaintiff is not required at this point to produce evidence in support of these allegations. Applying the required liberal standard to a pro se pleading, Plaintiff has plausibly alleged an excessive force claim.

Accordingly, the motion to dismiss must be denied.

## IV. Conclusion

For these reasons, the Court will deny Defendant's Motion to Dismiss and deny Plaintiff's Motion for Leave to Amend Complaint.

Appropriate Orders follow.

Dated: January 14, 2025

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE