**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RYSHEID MALIK EL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:24-cv-130 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| CORRECTIONS OFFICER CHAD BLACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**[1]

For the following reasons, the Court will deny Plaintiff Rysheid Malik El's motion for an extension to file his pretrial statement (which was due on September 15, 2025) nunc pro tunc (ECF 51) and dismiss this case with prejudice for failure to prosecute.

**I.    Relevant Background**

Plaintiff, who is proceeding pro se, commenced this civil rights action in January 2024. At that time and until (as explained below) September 29, 2025, Plaintiff was <u>not detained</u> and resided in or near Philadelphia, Pennsylvania.

In the Complaint (ECF 5), Plaintiff asserts a claim of excessive force against Defendant Chad Brown, an officer at the Westmoreland County Prison ("WCP") during the relevant time period. The claim is based on an event that Plaintiff alleges occurred at the WCP in March 2022 when he was housed there as a pretrial detainee.

In January 2025, the Court denied Defendant's motion to dismiss (ECF 21, 22), the Defendant filed the Answer (ECF 24), and the Court issued the original case management order (ECF 25). The parties then engaged in discovery. On July 15, 2025 (ECF 35), Plaintiff filed a

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to enter final judgment.

timely motion for an extension to file a motion for summary judgment. The Court granted Plaintiff's motion and amended the case management order to reset the due date for either party to move for summary judgment to August 29, 2025. (ECF 38.) The Court also ordered that if neither party moved for summary judgment, Plaintiff's pretrial statement was due by September 15, 2025, and Defendant's was due by October 15, 2025. (*Id.*)

Neither party moved for summary judgment. Plaintiff did not file his pretrial statement or request an extension to do so. In fact, he stopped communicating with the Court regarding this civil action. Defendant filed a timely pretrial statement on October 15, 2025. (ECF 42.)

In the meantime, Plaintiff was litigating in this Court a separate civil rights case against other WCP employees at Civil Action No. 2:21-cv-1325. The trial in that case was scheduled to begin on September 29, 2025. Plaintiff, who had declined the Court's offer to attempt to find pro bono counsel to represent him at the trial, was proceeding pro se in that case as well. He participated via video in a final pretrial conference held in that case on September 17, 2025. (ECF 127 in Civil Action No. 2:21-cv-1325.)

At the time, there was an outstanding Westmoreland County warrant for Plaintiff, a fact of which Plaintiff was repeatedly advised. Plaintiff was arrested on that warrant on September 29, 2025, and once again was detained at the WCP. Due to Plaintiff's arrest, the Court continued the trial. (ECF 128, 129 in Civil Action No. 2:21-cv-1325.) Despite his arrest and detention at the WCP, Plaintiff continued to actively litigate that case throughout the rest of 2025 and now into 2026.[2] (ECF 131-35 in Civil Action No. 2:21-cv-1325.)

---

[2] In October 2024, Plaintiff expressly confirmed to the Court that he was not seeking appointment of counsel in Civil Action No. 2:21-cv-1325. In April 2026, however, he moved for the appointment of counsel in that case. The Court granted that motion and administratively closed that case while it undertakes efforts to attempt to find a lawyer to consider representing him in connection with the trial to be held in that case. (ECF 96, 135-36 in in Civil Action No. 2:21-cv-1325.)

Moreover, in January 2026, Plaintiff commenced a federal habeas action in this Court at Civil Action No. 2:26-cv-105. In that case, he challenges the validity of his detention.

Thus, although Plaintiff had been actively prosecuting two other cases with this Court during the relevant time period, he filed nothing in this case since around July 15, 2025, when he moved to extend the time to file a motion for summary judgment, which he then never filed. (ECF 35.) Accordingly, on April 13, 2026, the Court entered an order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (ECF 43.)

Plaintiff did not file a response to this order. Instead, he filed a motion to stay this case for one year. (ECF 44.) Defendant opposed this motion, asserting that the Court should dismiss this case for failure to prosecute. (ECF 47).

The Court denied Plaintiff's request for a stay, explaining that "Plaintiff was directed to show cause why this case should not be dismissed for failure to prosecute because Plaintiff failed to file his pretrial statement by the September 15, 2025 deadline or seek an extension to do so. Plaintiff's motion to stay does not provide any explanation for his failure to file his pretrial statement. Instead, he seeks a stay of one year." (ECF 49.)

Plaintiff (who is now in the custody of the Pennsylvania Department of Corrections, which houses him at SCI Camp Hill) then filed an untimely response to the Court's show cause order. (ECF 51.) He also moved for an extension to file his pretrial statement nunc pro tunc. (*Id.*)

## II.    Discussion

### A.    Plaintiff's Is Not Entitled to An Extension to File His Pretrial Statement

As discussed above, Plaintiff's pretrial statement was due on September 15, 2025. More than eight months later, on or around June 1, 2026, he filed the pending motion for an extension to file it nunc pro tunc. (ECF 51.)

3

When a party seeks to take an action "after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The existence of "good cause" can turn on a variety of factors that the court deems to be relevant, but the primary factor is whether the moving party was reasonably diligent. *See*, *e.g., Premier Comp Solutions*, 970 F.3d at 319 ("we have repeatedly recognized—and we reaffirm today—that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010) (the good cause inquiry "focuses on the diligence of the party seeking the modification of the scheduling order.")

Plaintiff has failed to show "good cause" to grant him leave to file an untimely pretrial statement nunc pro tunc. He asserts that defense counsel engaged in "delay tactics" for allegedly failing to respond to some of his discovery requests. (ECF 51.) However, Plaintiff does not explain why, if these allegations are true, he did not move at the appropriate time in August or early September 2025 for an extension to file his pretrial statement, let alone in the eight months that followed.[3]

Plaintiff also asserts that the WCP still has possession of his "digital files." (EF 51.) Even if this is true (and the Court cannot conclude that it is), it does not matter. That is because Plaintiff was not in custody during the relevant time periods (when the Court issued the case management orders, when discovery was conducted in this case, and when his pretrial statement was due). Nor

---

[3] Plaintiff maintains that in August 2025 he created a PACER account and was waiting to receive a "passcode" to "submit all future filings[.]" (ECF 51-1 at 1.) This does not excuse his failure to file a timely pretrial statement since he has repeatedly mailed pleadings and other documents to the Clerk of Court in this case and his other cases, and the Court has consistently accepted from him for filing paper documents via the mail.

4

has he explained why, once he was detained at the WCP beginning around September 29, 2025, he failed to move for an extension in this case until after the Court issued the show cause order in April 2026.

Based on the above, Plaintiff's request for leave to file a pretrial statement nunc pro tunc is denied because he has failed to show the requisite "good cause" to support his request.

**B.      Plaintiff's Failure to Prosecute This Case Warrants Its Dismissal**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court can dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir.

5

2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Plaintiff's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Plaintiff failed to comply with the Court's case management order and file a pretrial statement. He also stopped litigating this case from at least September 15, 2025 (the date his pretrial statement was due) until April 27, 2026 (when, in response to the Court's show cause order, he filed a motion to stay this case for one year). As a pro se litigant, Plaintiff is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011). Under the circumstances, in which Plaintiff continued to litigate other cases he filed with this Court but not this one, the Court must conclude that Plaintiff's decision to abandon the litigation of this case for at least seven months was intentional and willful. *See, e.g.*, *Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). This factor also weighs in favor of dismissal. The alleged event at issue in this case occurred over four years ago, in March 2022, and this case has been pending since January 2024. After discovery concluded, there was a lengthy delay because Plaintiff did not file a pretrial statement and failed to communicate with the Court about this case.

His actions in this regard frustrated and delayed resolution of his claim against Defendant. *Mack v. United States*, No. 3:17-cv-1982, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (the plaintiff's continued failure to communicate with the district court and inaction "clearly prejudices the Defendants who seek a timely resolution of the case.") Thus, the second *Poulis* factor weighs in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Here, there is a history of dilatory conduct by Plaintiff. He sought an extension of time to move for summary judgment and then failed to file one. He then failed to comply with the Court-ordered deadline of September 15, 2025, for the filing of his pretrial statement. He then abandoned the litigation of this case for approximately seven months, until the Court issued the April 13, 2026, show cause order (ECF 43). Instead of filing an appropriate response to that order, Plaintiff moved unsuccessfully and without any reasonable basis to stay this case for one year (ECF 44.) This conduct has unnecessarily and repeatedly prolonged this case. For these reasons, the third *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate

7

with the Court."), report and recommendation adopted, 2019 WL 2410796 (W.D. Pa. July 7, 2019). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Plaintiff's remaining claim. Defendant did not move for summary judgment with respect to it and, therefore, the Court concludes that it may have potential merit. *Briscoe*, 538 F.3d at 263. Accordingly, this final *Poulis* factor does not weigh in favor of dismissal. However, as set forth above, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted.

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties, when, as is the case here, Plaintiff failed to comply with Court orders and abandoned the litigation of this case for a lengthy period of time. Therefore, the Court will dismiss this civil action with prejudice for failure to prosecute and close this case.

## III.   Conclusion

Based on the above, the Court will deny Plaintiff's motion to file an untimely pretrial statement (ECF 51) and dismiss this case with prejudice for failure to prosecute.

Appropriate orders will follow.

July 9, 2026                                         BY THE COURT:

                                                     s/Patricia L. Dodge
                                                     PATRICIA L. DODGE
                                                     UNITED STATES MAGISTRATE JUDGE